### MARTIN v BOWLING GREEN (city)

Ohio Appeals, 6th Dist, Wood Co

No 522. Decided June 20, 1932

Benjamin F. James, Toledo, for plaintiff in error.

Moses Lane, City Solicitor, Bowling Green, and Floyd A. Coller, Bowling Green, for defendant in error.

**BY THE COURT**

The evidence shows that Martin was, as charged, selling milk in Bowling Green without a permit and that there then existed a resolution of the Board of Health of Bowling Green, duly adopted in accordance with **§4413, GC,** requiring that permits must be obtained to sell milk in the City of Bowling Green, fixing the fee therefor and imposing a penalty for its violation. The regulations of the Board of Health so promulgated also provided for inspection and the fee to be paid therefor. Subsequent sections of the General Code empower a Board of Health to make inspections before issuing such permits and that permits may be revoked. Martin claims that he was wrongfully refused a permit and also that the resolution of the Board of Health is invalid because it delegates to the Health Commissioner duties that can be created only by ordinance of the City Council, and further claims, as we understand it, that the resolution is invalid and unconstitutional in that in addition to that required to obtain the permit, a fee is required for inspection and that the fee charged therefor is greater for inspection deemed necessary to be made in a county other than that in which Bowling

Green is situated, when the supply of milk sold in Bowling Green is there obtained.

We find no provision of law prohibiting reasonable fees for such inspections and certainly it is lawful as a health measure to require that those selling milk shall first obtain a permit. By failing to obtain such permit Martin invited the imposition of the consequent penalty. If, as he claims, he was wrongfully denied a permit, then the law provides a remedy by which it may be obtained.

Judgment affirmed.

LLOYD, RICHARDS and WILLIAMS, JJ, concur.